IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMES DARREL WEST,**

    Petitioner,

v.                                       Civil Action No. **3:07CV445**

**GENE M. JOHNSON,**

    Respondent.

### MEMORANDUM OPINION

James Darrell West, a Virginia prisoner by counsel, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the County of Henrico ("Circuit Court") for aggravated involuntary manslaughter and operating a motor vehicle while under the influence of alcohol ("DUI"). West contends that he is entitled to relief upon the following grounds:

Claim 1    West was denied the effective assistance of counsel because:

        (a)    Counsel failed to challenge the certificate of analysis pertaining to the blood samples in Commonwealth's Exhibit 1 as inadmissible because the blood samples were not drawn pursuant to medical treatment.

        (b)    Counsel failed to object to the certificate of analysis (Commonwealth's Exhibit 16) pertaining to the blood samples in Commonwealth's Exhibit 2, because the certificate was produced by the "Division" rather than the Medical College of Virginia.

Claim 2    The evidence was insufficient to support West's convictions for aggravated involuntary manslaughter and for driving under the influence.

> Claim 3    West was denied the effective of assistance of
>            counsel because counsel failed to discover that the
>            victim had marijuana in his system and that the
>            victim was traveling in the opposite direction than
>            expected by those waiting upon him.

Johnson has moved to dismiss on the grounds that Claim 3 is
procedurally defaulted and West's remaining claims lack merit.  The
matter is ripe for disposition.

## I.   PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted West of
aggravated involuntary manslaughter, common law involuntary
manslaughter, and driving under the influence.  The Circuit Court
sentenced West to an active term of imprisonment of five years for
the aggravated involuntary manslaughter conviction and term of five
years of imprisonment for the common law involuntary manslaughter
conviction, such sentences to run concurrently.  The Circuit Court
sentenced West to thirty days of imprisonment for the DUI
conviction, but suspended all of that time.

West appealed his convictions, arguing, _inter alia_, the
evidence was insufficient to support his convictions, his
convictions for aggravated involuntary manslaughter and involuntary
manslaughter violated the Double Jeopardy Clause[1], and the Circuit
Court improperly admitted the certificates of analysis.   The

---

[1]  "No person . . . shall any person be subject for the same
offence to be twice put in jeopardy of life or limb . . . ."  U.S.
Const. amend. V.

2

Virginia appellate courts rejected his sufficiency of the evidence claims on the merits and concluded his double jeopardy challenge and his challenges to the admission of the certificates of analysis had not been properly raised in the Circuit Court.

Thereafter, West filed a _pro se_ petition for a writ of habeas in the Supreme Court of Virginia.  West asserted that he was entitled to relief because counsel had failed to preserve for appellate review a double jeopardy challenge to the convictions for both aggravated involuntary manslaughter and involuntary manslaughter and because counsel had not properly challenged the admission of the certificates of analysis in the Circuit Court. The Supreme Court of Virginia directed the Commonwealth of Virginia to file a response.  Thereafter, West filed a _pro se_ motion to amend wherein he asserted, _inter alia_:

> Ineffective Assistance of Counsel
> D.  The current defense hold that the trial court never had the opportunity to rule on [the victim's] contributory negligence as an intervening act alone as [defense counsel] failed to present a quantitive[sic] analysis of time and speed contradicting Gainey's incredible estimation of Speed . . . .

(West's Motion to Amend Writ of Habeas Corpus, filed June 3, 2006 with Va. Sup. Ct.).  Subsequently, West retained counsel and filed two additional motions to amend.  The Supreme Court of Virginia granted West's _pro se_ motion to amend, but denied the motions to amend filed by counsel.  On January 31, 2007, the Supreme of Court

3

of Virginia granted the petition for a writ of habeas corpus, in part, and vacated West's conviction on the involuntary manslaughter conviction.  The Supreme Court of Virginia denied West relief on the remainder of his petition for a writ of habeas corpus.  West v. Dir. of the Dep't of Corr., 639 S.E.2d 190, 197 (Va. 2007) ("We will grant a writ of habeas corpus with regard to West's common law involuntary manslaughter conviction and vacate his conviction and sentence on that offense.  We will dismiss the remainder of West's petition including his request for relief on the aggravated involuntary manslaughter conviction.").[2]

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief."  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)).  "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."  Matthews, 105 F.3d at 911 (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)).  The United States Court of Appeals

---

[2] West had requested that the Court order resentencing on his aggravated involuntary manslaughter conviction.

4

for the Fourth Circuit summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). "In other words, fair presentation contemplates that both the operative facts and the controlling legal principles must be presented to the state court." Matthews, 105 F.3d at 911 (additional internal quotation marks omitted) (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state

5

remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

West's mention of contributory negligence in his state habeas proceeding does not satisfy his obligation to present the Supreme Court of Virginia with the operative facts that form the basis for his current Claim 3. Specifically, in the state habeas proceedings, West did not assert that counsel was deficient because he had failed to discover that the victim had marijuana in his system or that the victim was traveling in an opposite direction than expected by those waiting upon him. Thus, West's Claim 3 is unexhausted. Mallory, 27 F.3d at 994-95; Matthews, 105 F.3d at 911. If West were now to attempt to present Claim 3 to the Supreme Court of Virginia, that Court would find the claim procedurally barred pursuant to Virginia Code Section 8.01-654(B)(2).[3] That statute requires habeas petitioners to raise all available grounds

---

[3] That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. 8.01-654(B)(2) (West 2008).

for relief in their first state petition for a writ of habeas corpus.   Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule.   See George v. Angelone, 100 F.3d 353, 363-64 (4th Cir. 1996).   Thus, Claim 3 is procedurally defaulted.   West has not advanced any basis for excusing his default.   Accordingly, Claim 3 will be DISMISSED.

## IV. THE APPLICABLE SUBSTANTIVE AND PROCEDURAL CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

This Court's warrant to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1).   Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."   28 U.S.C. § 2254(e)(1).   West bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   Id.   Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The Supreme Court has emphasized that this

7

standard places an additional hurdle before federal habeas petitioners who now must demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Furthermore, West is incorrect to suggest that he is entitled to de novo review of Claims 1(a) and 1(b) because of the absence of detailed discussion from the Supreme Court of Virginia in dismissing these claims. See Fullwood v. Lee, 290 F.3d 663, 677 (4th Cir. 2002). Under such circumstances, the Court must still apply the deferential standard of review set forth in 28 U.S.C. § 2254(d), however, the Court "conduct[s] an independent review of the record and the applicable law to make the 'contrary to' or 'unreasonable application' determinations." Id. (citing Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000)).

## V.   SUFFICIENCY OF THE EVIDENCE

In Claim 3, West contends that the evidence was insufficient to convict him of driving under the influence of alcohol or aggravated involuntary manslaughter. A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

8

essential elements of the crime beyond a reasonable doubt." Id. at

319. (citing Johnson v. Louisiana, 406 U.S. 356, 262 (1972)).

The pertinent statute for driving under the influence provided

that:

> It shall be unlawful for any person to drive
> or operate any motor vehicle, engine or train
> (i) while such person has a blood alcohol
> concentration of 0.08 percent or more by
> weight by volume or 0.08 grams or more per 210
> liters of breath as indicated by a chemical
> test administered as provided in this article,
> (ii) while such person is under the influence
> of alcohol . . . .

Va. Code Ann. § 18.2-266 (West 2002).   The Virginia Court of

Appeals aptly summarized the evidence of West's guilt that

supported the driving under the influence conviction as follows:

> The court had several certificates of analysis
> indicating appellant was driving with a blood
> alcohol level of over .08 grams. Under Code §
> 18.2-269(A)(3), the trial court can presume
> from that evidence "that the accused was under
> the influence of alcohol intoxicants at the
> time of the alleged offense." See Thurston v.
> City of Lynchburg, 15 Va. App. 475, 482, 424
> S.E.2d 701, 705 (1992). Additionally, the
> trial court heard testimony that appellant had
> the "strong smell" of alcohol about him, was
> "groggy, noncoherent," was passing other cars
> while driving at twenty-five miles per hour
> over the speed limit, and ran into another car
> on the interstate. Appellant admitted he
> quickly drank a 22-ounce bottle of beer before
> getting into his car. Expert testimony
> explained the adverse effects that alcohol has
> on the brain and on physical responses.

West v. Commonwealth, 597 S.E.2d 274, 281 (Va. Ct. App. 2004)

9

(internal footnote omitted).[4] The foregoing evidence amply supported West's conviction for driving under the influence.

With respect to his conviction for aggravated involuntary manslaughter, West insists that the evidence was insufficient because it did not demonstrate that his conduct was "so gross, wanton, and culpable as to show a reckless disregard for human life." Va. Code. Ann. § 18.2-36.1(B) (West 2002).[5] In order to demonstrate that a defendant exhibited a reckless disregard for life, the Commonwealth may present evidence showing that "'the conduct of the driver constitutes a great departure from that of a reasonable person (gross, wanton or willful conduct) which creates a great risk of injury to others and where by the application of an

---

[4] In conducting the present federal habeas review, the foregoing findings of fact by the Virginia Court of Appeals are presumed correct. See 28 U.S.C. § 2254(e)(1); Pope v. Netherland, 113 F.3d 1364, 1367 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). West has the burden of rebutting that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

[5] The relevant statute provided, in pertinent part:

> A. Any person who, as a result of driving under the influence in violation of clause (ii), (iii), or (iv) of § 18.2-266 . . . unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.
> B. If, in addition, the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life, he shall be guilty of aggravated involuntary manslaughter . . . .

Va. Code. Ann. 18.2-36.1 (West 2002).

objective standard the accused should have realized the risk created by his conduct.'" West, 597 S.E.2d at 281 (quoting Keech v. Commonwealth, 386 S.E.2d 813, 817 (Va. Ct. App. 1989)). The Court of Appeals of Virginia aptly summarized the evidence reflecting that West acted with a reckless disregard for human life as follows:

> Appellant, by his own admission, drank almost twenty-two ounces of beer before getting into his car to drive. According to credible testimony, he then drove, at night, at least twenty-five miles over the posted speed limit in the right-hand lane of the interstate, close to a major intersection where the exit is to the right. By statute, the speed at which he drove is reckless driving. Code § 46.2-862. The evidence further proved the truck had its taillights on, yet appellant did not engage his brakes in order to avoid hitting the vehicle. He hit the truck with such force that it flipped over and landed in the median of the interstate. After the accident, appellant appeared intoxicated, and both the analyses of his blood and the testimony of an expert witness indicated that he was intoxicated to the point that his thinking and motor skills were affected.

Id. at 282. This Court agrees with the Court of Appeals of Virginia that "by driving in this condition, at an excessive speed and without paying attention to other vehicles on the road, [West's] actions constituted behavior so gross, wanton and culpable as to show a reckless disregard for human life." Id. Thus, West has failed to show that the evidence was insufficient to support his convictions. Accordingly, Claim 3 will be DISMISSED.

11

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Additionally, in analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. Id. at 697.

Even if counsel had succeeded in excluding the certificates of analysis pertaining to his blood alcohol levels, West cannot demonstrate a reasonable probability that he would have been acquitted. Oliver v. Commonwealth, 577 S.E.2d 514, 516 (2003) ("Test results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs."). Intoxication "or being 'under the influence of alcohol,' is established when any person has consumed enough alcoholic beverages to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to

12

observation.'" <u>Thurston v. Lynchburg</u>, 424 S.E.2d 701, 705 (Va. 1992) (<u>quoting</u> <u>Gardner v. Commonwealth</u>, 81 S.E.2d 614, 619 (Va. 1954)).

Here, West admitted that he quickly drank a twenty-two ounce bottle of beer before getting into his car. Although West denied drinking any additional alcohol in the hour or so before the accident, other evidence indicated West had consumed more than that single beer or that the single twenty-two ounce beer was sufficient to impair his speech, muscular movement and behavior.[6] For example, two witnesses testified to smelling the strong odor of alcohol coming from West's person following the accident. Additionally, a nurse from the hospital testified that although West was not disoriented, his speech was slurred and he smelled of alcohol. Finally, the fact West apparently made no effort to brake before slamming into the victim's car strongly supports the conclusion that West's muscular movement was impaired.[7] Accordingly, West has failed to demonstrate that the Supreme Court of Virginia's rejection of Claims 1(a) and 1(b) was unreasonable.

_____

[6] The police found a broken twenty-two ounce beer bottle in West's vehicle along with a crushed beer can. West's mother testified that she had seen two empty beer cans in West's car earlier in the day.

[7] West suggests that the tail lights in the victim's car were not working. The Court of Appeals of Virginia found to the contrary. <u>See</u> <u>West. v. Commonwealth</u>, 597 S.E.2d 274, 334, 343 (Va. Ct. App. 2004). West has not directed the Court to clear and convincing evidence refuting that finding. <u>See</u> 28 U.S.C. § 2254(e)(1).

13

The motions to dismiss (Docket Nos. 3 & 4) will be GRANTED.  The petition for a writ of habeas corpus will be DENIED.  The action will be DISMISSED.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to counsel of record.

And it is so ORDERED.

/s/                          _R E_

Robert E. Payne
Senior United States District Judge

Date: _May 29 2008_
Richmond, Virginia

14